# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRYL SIMS, JR.** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **THE NEW ORLEANS PUBLIC BELT** | * | **MAGISTRATE:** |
| **RAILROAD COMMISSION FOR THE PORT** | * | |
| **OF NEW ORLEANS** | * | **TRIAL BY JURY** |

*********************************************

# COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Darryl Sims, Jr., a person of full age and majority residing and domiciled in the Parish of Ascension, State of Louisiana, and respectfully pleads the following:

1. This Honorable Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish where the cause of action(s) arose and/or accrued, and Defendant, New Orleans Public Belt Railroad Commission [hereinafter "NOPB"], at all times mentioned herein was doing business in the Parish of Orleans.

3. The Defendant, NOPB, is a common carrier by railroad engaged in interstate commerce and is an independent political subdivision of the State of Louisiana.

4. This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as FELA, to recover damages for personal injuries

1

caused in whole or in part by fault of the NOPB and sustained by the Plaintiff in the line of duty while employed as a trackman/laborer in Jefferson Parish, Louisiana.

5. Defendant, NOPB, is liable unto Plaintiff, Darryl Sims, Jr., for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that NOPB committed, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6. On April 6, 2021, while performing his duties as a trackman/laborer, Plaintiff lifted a ramp on an NOPB trailer to unload an NOPB backhoe. When the Plaintiff lifted the ramp on the NOPB trailer, he sustained injuries to his low back and lumbar spine causing additional pain and injury to his lower extremities.

7. Plaintiff states that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act [FELA] on or about April 6, 2021, he sustained severe injuries that have caused him significant medical treatment, pain, suffering, past and potential future lost wages, past and potential future unpaid medical expenses, for which he demands full recovery.

8. Plaintiff further states that Defendant, through its employees, agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned injuries, in whole or in part; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

    A. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

 B. In that NOPB in violation of its non-delegable duty failed to maintain the trailer ramp springs to allow for the reasonably safe lifting of its trailer ramps;

 C. In that NOPB, in violation of its non-delegable duty, failed to provide safe working conditions, proper assistance, and properly functioning equipment at the time Plaintiff was performing his duties in the manner required by Defendant;

 D. In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known given previous modifications and repairs to its trailer and ramp before the event in question.

 E. In that NOPB, violated federal railroad safety regulations enacted for the safety of its employees, which renders NOPB strictly liable under the provisions of FELA and U.S. Supreme Court precedent.

 F. In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

 G. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

9. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

 A. Physical Pain and Suffering, Past and Future;

 B. Loss of Enjoyment of Life;

 C. Past Lost Wages;

 D. Unpaid Past and Future Medical Expenses;

 E. Loss of Future Earning Capacity, if any.

10. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Darryl Sims, Jr., prays that Defendant, New Orleans Public Belt Railroad, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Darryl Sims, Jr., and against Defendant, New Orleans Public Belt Railroad, for all sums reasonable in the premises, together with legal interest thereon from the date of Judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

October 24, 2022

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**

BY:
*/s/ Joseph M. Miller, Esq.*
**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
450 North Causeway Blvd., Suite D
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
jmiller@davissaunders.com
**Attorneys for Darryl Sims, Jr.**

Summons Attached, Please Issue To:

The New Orleans Public Belt Railroad Commission for the Port of New Orleans
c/o Jean-Paul Escudier
1350 Port of New Orleans Place
New Orleans, Louisiana 70130